**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------
MARK R. FERRAN and NADIA FERRAN,

                    Plaintiffs,

    v.                                  No. 05-CV-161
                                            (DNH/CFH)

OFFICE OF THE DISTRICT ATTORNEY OF
THE COUNTY OF RENSSELAER, et al.

                    Defendants.
-----------------------------------------------------------------

**APPEARANCES:**                                **OF COUNSEL:**

MARK R. FERRAN
Plaintiff pro se
36 Winnie Road, Apt. 1A
Albany, New York 12208

NADIAN FERRAN
Plaintiff pro se
114 Morton Avenue
Albany, New York 12202

HON. ANDREW M. CUOMO                JAMES B. McGOWAN, ESQ.
Attorney General for the                    Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224

**CHRISITIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER

Plaintiffs pro se Mark and Nadia Ferran ("the Ferrans") filed the pending, first verified complaint on February 4, 2005. Compl. (Dkt. No. 1). On March 4, 2005, pursuant to a Conditional Order of Dismissal entered by the Hon. David N. Hurd, the first verified complaint was dismissed on the grounds of insufficiency; however, the Ferrans were

allowed the opportunity to amend. Dkt. No. 3. On May 6, 2005, a judgment was entered in favor of defendants. Dkt. No. 4. The Ferrans appealed the order of dismissal and judgment to the Second Circuit Court of Appeals ("the Second Circuit"). Dkt. Nos. 5-7. On May 13, 2008, the Second Circuit vacated the March 4th Order and subsequent judgment and remanded the case for further proceedings (Dkt. No. 8).

On May 13, 2008, pursuant to a Decision and Order by the Hon. David N. Hurd, a judgement dismissing the Ferrans' action with prejudice pursuant to Fed. R. Civ. P. 41(b) was entered. Dkt. Nos. 9-10. On June 12, 2008, the Ferrans again appealed the Court's dismissal and judgment to the Second Circuit. Dkt. Nos. 11-16. The Second Circuit again vacated the judgment of the district court and remanded the case for further proceedings. Dkt. Nos. 18-19. On March 23, 2010, the Court issued an order both vacating the earlier judgment dismissing the case and directing that the "[d]efendants shall file and serve an answer and/or motion with regard to [the Ferrans' verified complaint (Docket No. 1) on or before April 16, 2010." Dkt. No. 20.

On March 30, 2010 and April 7, 2010 respectively, the defendants filed letter motions requesting a clarification of the Court's prior order in light of a lack of proper service. Dkt. Nos. 21, 23. In response to said motions, on March 31, 2010 and April 7, 2010 respectively, the Court issued orders concluding that none of the defendants need appear unless and until they had been properly served with process by the Ferrans and the Ferrans had filed the appropriate documentation with the Clerk of the Court. Dkt. Nos. 22, 24. Summonses were reissued for the various defendants; however, there was no indication the Ferrans had served process upon any of the defendants. Dkt. No. 25; Dkt. Sheet Entries dated 7/15/2010, 03/04/2011, 09/04/2012, 04/09/2013.

On June 14, 2013, the undersigned issued an Order to Show Cause "to determine whether this matter should be dismissed for failure to serve process on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure." Dkt. No. 28. The Ferrans filed a written opposition to the Order to Show Cause. Dkt. No. 30. An in-person and on-the-record conference was held on June 27, 2013. During said conference, the Ferrans renewed their opposition and indicated that they refused to serve process upon defendants without an order of the Court.

Under the Federal Rules, the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. FED. R. CIV. P. 4(C)(1). Specifically,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).[1]

The plaintiff bears the burden of showing good cause for not timely serving the defendant. Mustafa v. Syracuse City School Dist., No. 05-CV-813 (FJS/GHL), 2007 WL 951470, at *2 (N.D.N.Y. Mar. 28, 2007). "To determine whether the plaintiff has met this burden, [d]istrict courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." Id. (internal

---

[1] The Local Rules of the Northern District of New York further provide that service of process must be completed within sixty (60) days of the filing of the complaint. *See* N.D.N.Y.L.R. 4.1(b). "This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice." *Id*. "In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4." *Id*.

-3-

quotation marks and citations omitted) (alteration in original) (quoting Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999)). Diligence, in part, can be measured by whether the plaintiff took the proper steps to secure an extension of time to serve, such as moving under Federal Rule of Civil Procedure 6(b). Id. (quotations omitted). Also, "[a] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause." Id. (quoting AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000)).

Applying such standards to the facts at hand, the undersigned concludes that the Ferrans were not diligent in ensuring that service was timely effected. The record shows that the case was remanded to the District Court in March of 2010 and that as of March and April 2010, the Court had made clear to the Ferrans that proper service and proof of service was required for the progression of the case. Despite these directions, nothing was done. Throughout the course of the hearing, the Ferrans have made clear that they have not served process of defendants, did not make any additional effort to effect service after said court orders, and did not intend to do so in the future. Such proffers do not satisfy a showing of good cause. Accordingly, for these reasons, as well as for those stated on the record during the conference and incorporated herein, it is hereby

**RECOMMENDED**, that this matter be **dismissed without prejudice** due to the Ferrans' failure to serve the complaint within the time specified by the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order upon the parties to this action.

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order upon Thomas J. O'Connor, Esq. at Napierski, Vandenburgh & Napierski, LLP, 296 Washington Avenue Extension, Albany, New York 12203.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: June 28, 2013
       Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge